### LUZZI v. CHARLES E. HAFF CO.

(Supreme Court, Appellate Term. January 17, 1906.)

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

> Where one saw a truck slowly approaching, and had abundant opportunity to get out of the way, but, instead, stood still and was injured, he was guilty of contributory negligence.
>
> [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 86.]
>
> Blanchard, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Pietro Luzzi against the Charles E. Haff Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

James, Schell & Elkus (Carlisle J. Gleason and Frederick Mellor, of counsel), for appellant.

O'Neill & Shay (Thomas J. O'Neill, of counsel), for respondent.

SCOTT, P. J. The plaintiff's own evidence clearly shows that he was guilty of contributory negligence. He saw the truck slowly approaching and had abundant opportunity to get out of its way. Instead of doing so he stood still and allowed himself to be injured.

The verdict should have been set aside, and the judgment should now be reversed, and a new trial granted, with costs to appellant to abide the event.

DOWLING, J., concurs.

BLANCHARD, J. (dissenting). It is entirely clear to my mind from the record that the plaintiff was wantonly run down by the defendant's truck, whereby he received his injuries. In leaving the place he was in to avoid the car he may have erred in judgment in going upon the wrong side of the track upon which the car was running,

but that does not prove his negligence. The truck which was coming the other way, with its left wheels between the two tracks, had no occasion, under the circumstances, to be where it was. The plaintiff had a right to assume that the driver of the truck would at least leave him enough space to stand between the car and the truck as they passed each other. The contention that the plaintiff should have run and gotten out of the way is not sustained by the evidence. He testifies that he could not escape either by running before the car or before the truck, without peril; and I think the record fully bears out his statement. There is no exception in the case which calls for a reversal of the judgment. On the evidence the jury was justified in finding the defendant guilty of negligence, and the plaintiff free from contributory negligence.

The damages are not excessive, and the judgment should be affirmed, with costs.